HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Boards of Trustees of the Cement Masons & Plasterers Health & Welfare Trust, *et al.*,

Plaintiffs,

v.

Sound Floors Gypsum Concrete LLC,

Defendant.

Case No. 2:20-cv-01307-RAJ

**ORDER DENYING MOTIONS TO COMPEL**

## I. INTRODUCTION

This motion comes before the Court on Plaintiffs' Motion to Compel Production of Employment Security Department Records (Dkt. # 10) and Plaintiffs' Motion to Compel Production of Discovery from Defendant (Dkt. # 15). Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, both motions are **DENIED**.

## II. BACKGROUND

According to their complaint, Plaintiffs are three trust funds. Dkt. # 1 ¶ 1. Defendant Sound Floors Gypsum Concrete LLC ("Defendant") is a signatory to a collective bargaining agreement, and that collective bargaining agreement incorporates

ORDER – 1

other trust agreements. *Id.* ¶¶ 7, 9. Under those agreements, Defendant was required to make employee benefit contributions to Plaintiffs. *Id.* ¶ 15. Yet Plaintiffs allege that Defendant failed to do so. *Id.* ¶ 17. Plaintiffs also allege that Defendant failed to respond to Plaintiffs' document requests, as it was required to under the agreements. *Id.* ¶¶ 11-13.

On August 31, 2020, Plaintiffs sued Defendant in this Court. Dkt. # 1. Defendant failed to appear, and many months later Plaintiffs moved for default. Dkt. # 12. The next day, the Clerk of the Court granted the motion and entered default. Dkt. # 14. To date, Defendant has not appeared in this matter.

For their part, Plaintiffs have filed two motions to compel. Dkt. ## 10, 15. Both motions seek to compel Defendant and a third party, Sound Floors LLC ("Sound Floors"), to produce certain records. Dkt. ## 10, 15. The motions are ripe and pending before the Court.

### III.  DISCUSSION

"The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). For purposes of discovery, a defaulted defendant is treated as a nonparty. *Id.* at 1159. "The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45[g]." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983) ("Rule 37 . . . is inapplicable."); *see also Thompson v. Gonzales*, No. 1:15-cv-301-LJO-EPG, 2016 WL 5404436, at *4 (E.D. Cal. Sept. 27, 2016) (collecting cases); *cf. In re Plise*, 506 B.R. 870, 877 (B.A.P. 9th Cir. 2014). Rule 45(g) enables the subpoena-issuing court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Plaintiffs file two motions to compel. In their first, they ask the Court to compel Defendant to produce "personnel records" and to compel Sound Floors to produce

ORDER – 2

"Employment Security Department records." Dkt. # 10. Apparently, Plaintiffs have not served Defendant or Sound Floors with a subpoena. Instead, they say—in a single sentence, without explanation—the Court "is required by RCW 50.13.070" to compel such documents. *Id.* The Court has reviewed RCW 50.13.070 and finds that no such duty is placed on it. Plaintiffs' motion fails for an even simpler reason: Plaintiffs' have brought a motion to compel, yet they have not presented the Court with a subpoena or court order that they would like to be enforced.

Plaintiffs' second motion to compel fares little better. In that motion, Plaintiffs claim that they have served both Defendant and Sound Floors with subpoenas duces tecum and that both have failed to respond. Dkt. # 15. Plaintiffs move to compel Defendant and Sound Floors to comply with the subpoenas under Rule 37. *Id.* at 2.

The motion fails because it is brought under Rule 37, not Rule 45. Rule 45 is the "only authority" governing the "imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum." *Pennwalt*, 708 F.2d at 494. Rule 45's only enforcement mechanism is contempt. Fed. R. Civ. P. 45(g). Sound Floors is not a party, and, because it is in default, neither is Defendant. Plaintiffs are seeking to compel production from nonparties under Rule 37, when the appropriate relief, given the facts here, is contempt under Rule 45. The Court will not construe Plaintiffs' motion to compel under Rule 37 as a motion for an order to show cause why Defendant and Sound Floors should not be held in contempt under Rule 45. Measuring just a few paragraphs long and lacking any analysis, Plaintiffs' motion is sparsely supported as it is.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ORDER – 3

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Compel Production of Employment Security Department Records (Dkt. # 10) and Plaintiffs' Motion to Compel Production of Discovery from Defendant (Dkt. # 15).

DATED this 22nd day of September, 2021.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4